IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


GARY MARK WAITE,                               09-CV-839-BR

           Plaintiff,

                                        OPINION AND ORDER

v.

KEVIN DEMER, ASST. D.A.,

           Defendant.


**GARY MARK WAITE**
#735526
CCCF
24499 Grahams Ferry Rd.
Wilsonville, OR 97070

           Plaintiff, *Pro Se*

**JOHN KROGER**
Oregon Attorney General
**KATHARINE VON TER STEGGE**
Assistant Attorney General
Oregon Department of Justice
1162 Court Street N.E.
Salem, OR 97301-4096
(503) 947-4700

           Attorneys for Defendant


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant Kevin Demer's Motion (#18) for Summary Judgment.  For the reasons that follow, the Court **GRANTS** Defendant's Motion.


<u>BACKGROUND</u>

Defendant prosecuted Plaintiff in Multnomah County Circuit Court for Burglary I and several counts of Theft I, Laundering a Monetary Instrument, Identity Theft, and Unlawful Use of a Computer.  On April 14, 2009, Plaintiff informed Defendant that he wanted to testify before and read a prepared written statement to the Multnomah County Circuit Court grand jury.  Defendant advised Plaintiff that Plaintiff would have to provide a copy of his prepared statement to Defendant and to answer some questions before Plaintiff would be allowed to read any statement to the grand jury.

On April 15, 2009, just before the grand jury convened, Plaintiff met Defendant "in the lobby of the grand-jury room," gave Defendant a copy of the statement he wanted to read to the grand jury, and gave Defendant a medical-release form that only authorized disclosure of protected health information to the grand jury and the "State of Oregon Public Defender."  Defendant had not requested a copy of the medical-release form and was not aware Plaintiff had prepared such a form until Plaintiff handed

2 - OPINION AND ORDER

it to him.

On April 15, 2009, a Multnomah County grand jury indicted Plaintiff for Burglary I and several counts of Theft I, Laundering a Monetary Instrument, Identity Theft, and Unlawful Use of a Computer.

At some point, Defendant provided Plaintiff's medical-release form to Plaintiff's court-appointed counsel as part of discovery.

On July 21, 2009, Plaintiff filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 in which he alleged Defendant and another Assistant Multnomah County District Attorney, Eric Zimmerman, obtained Plaintiff's medical records illegally, used illegal coercion tactics, obstructed justice, and tampered with witnesses in the prosecution of Plaintiff.  Plaintiff further alleged Defendant and Zimmerman discriminated against him due to his sexual orientation, threatened Plaintiff for attempting to exercise his constitutional rights, and failed to disclose information to a grand jury to implicate additional suspects in the criminal case.

On July 31, 2009, this Court issued an Order in which it dismissed Plaintiff's Complaint for failure to state a claim on the ground that his claims "appear to relate to functions intimately associated with the judicial phase of the criminal process," and, therefore, Defendant and Zimmerman were entitled

to absolute prosecutorial immunity.  The Court, however,
permitted Plaintiff to file an amended complaint to cure the
deficiencies noted in his Complaint.

On August 13, 2009, Plaintiff filed an Amended Complaint
against Defendant and Zimmerman pursuant to 42 U.S.C. § 1983 in
which he alleged they violated his rights when they (1) "obtained
[P]laintiff's medical records" without Plaintiff's permission in
violation of the Health Insurance Portability and Accountability
Act of 1996 (HIPAA), 42 U.S.C. §§ 1320d-1, *et seq.*; (2) coerced
Plaintiff into not seeking a bail reduction; (3) remained in the
grand-jury room during the deliberation process in violation of
state law; and (4) failed to bring criminal charges against
another individual for assaulting Plaintiff.

On August 21, 2009, the Court issued an Order in which it
dismissed all of Plaintiff's claims against Zimmerman as well as
Plaintiff's claims that Defendant coerced Plaintiff not to seek a
bail reduction, remained in the grand-jury room during the
deliberation process, and failed to bring criminal charges
against another individual for assaulting Plaintiff on the ground
that Zimmerman and Defendant were entitled to absolute
prosecutorial immunity for those claims.  The Court permitted
Plaintiff's action to go forward against Defendant only on the
claim that Defendant obtained Plaintiff's medical records without
Plaintiff's permission in violation of HIPAA.

On November 2, 2009, Plaintiff pled "no contest" to five of the thirty-one counts of the indictment in Multnomah County Circuit Court and was found guilty of those counts.

On December 24, 2009, Defendant filed a Motion in this Court seeking summary judgment[1] as to Plaintiff's remaining claim in this matter.

## STANDARDS

Federal Rule of Civil Procedure 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. *Id*.

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

---

[1] On September 30, 2009, the Court issued a Summary Judgment Advice Notice to Plaintiff advising him that if he did not submit evidence in opposition to any motion for summary judgment, summary judgment would be entered against him if it was appropriate.

248 (1986)).  The court must draw all reasonable inferences in favor of the nonmoving party.  *Id*.  "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues."  *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts Ctr., Ltd. v. Carpenters Local Union No. 1936,* 680 F.2d 594, 598 (9th Cir. 1982)).

A mere disagreement about a material issue of fact, however, does not preclude summary judgment.  *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990).  When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary."  *Wong v. Regents of Univ. of Cal.*, 379 F.3d 1097 (9th Cir. 2004), *as amended by* 410 F.3d 1052, 1055 (9th Cir. 2005) (citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998)).

The substantive law governing a claim or a defense determines whether a fact is material.  *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006).  If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment.  *Id*.

When a plaintiff appears *pro se*, the court

> must consider as evidence in [a plaintiff's]
> opposition to summary judgment all of [a
> plaintiff's] contentions offered in motions

and pleadings, where such contentions are
based on personal knowledge and set forth
facts that would be admissible in evidence,
and where [the plaintiff] attested under
penalty of perjury that the contents of the
motions or pleadings are true and correct.

*Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).  The court

"must consider the motion papers as well as such other papers in

the record to which they refer."  *Martinez v. Stanford*, 323 F.3d

1178, 1184 (9th Cir. 2003)(citing *Carmen v. San Francisco Unified*

*Sch. Dist.*, 237 F.3d 1026, 1028-31 (9th Cir. 2001)).  In

addition, the court has a duty "to construe *pro se* pleadings

liberally" and to afford the plaintiff the benefit of any doubt.

*Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir.

2003)(citing *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir.

2001)).


## DISCUSSION

Defendant moves for summary judgment as to Plaintiff's

remaining claim against him on the grounds that (1) HIPAA does

not contain a provision for a private right of action and

(2) Defendant is entitled to absolute immunity for providing

Plaintiff's medical-release form to Plaintiff's counsel as part

of discovery.

**I.   HIPAA does not contain a private right of action.**

Plaintiff alleges Defendant obtained Plaintiff's medical


7 - OPINION AND ORDER

records without Plaintiff's permission in violation of HIPPA.
The Ninth Circuit, however, has held "HIPAA does not provide any
private right of action." *United States v. Streich*, 560 F.3d
926, 935 (9th Cir. 2009)(citing *Webb v. Smart Document Solutions,
LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007)("HIPAA itself provides
no right of action.").

Accordingly, the Court grants Defendant's Motion for Summary
Judgment to the extent Plaintiff seeks to bring a claim against
Defendant for violation of HIPAA.

## II. Defendant has absolute prosecutorial immunity for producing Plaintiff's medical-release form to Plaintiff's counsel as part of discovery.

As the Court noted in its July 31, 2009, Order, prosecutors
are absolutely immune from liability for damages when they are
acting pursuant to their official role as advocate for the State
and performing functions "intimately associated with the judicial
phase of the criminal process." *Imbler v. Pachtman*, 424 U.S.
409, 430 (1976).  Absolute prosecutorial immunity is not defeated
by a showing of malicious or wrongful conduct.  *Id.* at 431.

Discovery "is a matter 'intimately associated with the
judicial phase of the criminal process,' and is shielded by
prosecutorial absolute immunity." *Dillard v. Sanchez*, No. CV
06-3095 PA, 2007 WL 1072117, at *3 (D. Or. Apr. 5, 2007)(quoting
*Imbler*, 424 U.S. at 416, 431 n.34).

Defendant testifies in his Affidavit that he did not produce

or disclose Plaintiff's medical-release form to anyone other than Plaintiff's court-appointed counsel as part of discovery. Plaintiff does not point to any evidence in the record that Defendant produced or disclosed Plaintiff's medical-release form to anyone other than Plaintiff's counsel or in any context other than discovery.

On this record, the Court concludes Defendant is absolutely immune from Plaintiff's claim that he improperly disclosed or released Plaintiff's medical-release form.  Accordingly, the Court grants Defendant's Motion for Summary Judgment.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion (#18) for Summary Judgment and **DISMISSES** this matter **with prejudice**.

IT IS SO ORDERED.

DATED this 25th day of March, 2010.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District

9 - OPINION AND ORDER