IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


GARY MARK WAITE,                                    09-CV-839-BR

        Plaintiff,
                                            OPINION AND ORDER

v.

KEVIN DEMER, ASST. D.A.,

        Defendant.


**GARY MARK WAITE**
#17835637
CRCI
9111 N.E. Sunderland Ave.
Portland, OR 97211

        Plaintiff, *Pro Se*

**JOHN KROGER**
Oregon Attorney General
**KATHARINE VON TER STEGGE**
Assistant Attorney General
Oregon Department of Justice
1162 Court Street N.E.
Salem, OR 97301-4096
(503) 947-4700

        Attorneys for Defendant


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Plaintiff Gary Mark Waite's Motion (#30) for Reconsideration.  For the reasons that follow, the Court **GRANTS** Plaintiff's Motion but, having reconsidered the matter, the Court adheres to its March 25, 2010, Opinion and Order granting Defendant's Motion for Summary Judgment and dismissing this matter with prejudice.


<u>BACKGROUND</u>

Defendant prosecuted Plaintiff in Multnomah County Circuit Court for Burglary I and several counts of Theft I, Laundering a Monetary Instrument, Identity Theft, and Unlawful Use of a Computer.  On April 14, 2009, Plaintiff informed Defendant that he wanted to testify before and read a prepared written statement to the Multnomah County Circuit Court grand jury.  Defendant advised Plaintiff that Plaintiff would have to provide a copy of his prepared statement to Defendant and to answer some questions before Plaintiff would be allowed to read any statement to the grand jury.

On April 15, 2009, just before the grand jury convened, Plaintiff met Defendant "in the lobby of the grand-jury room," gave Defendant a copy of the statement he wanted to read to the grand jury, and gave Defendant a medical-release form that only authorized disclosure of protected health information to the

grand jury and the "State of Oregon Public Defender."  Defendant
had not requested a copy of the medical-release form and was not
aware Plaintiff had prepared such a form until Plaintiff handed
it to him.

On April 15, 2009, a Multnomah County grand jury indicted
Plaintiff for Burglary I and several counts of Theft I,
Laundering a Monetary Instrument, Identity Theft, and Unlawful
Use of a Computer.

At some point, Defendant provided Plaintiff's medical-
release form to Plaintiff's court-appointed counsel as part of
discovery.

On July 21, 2009, Plaintiff filed a Complaint in this Court
pursuant to 42 U.S.C. § 1983 in which he alleged Defendant and
another Assistant Multnomah County District Attorney, Eric
Zimmerman, obtained Plaintiff's medical records illegally, used
illegal coercion tactics, obstructed justice, and tampered with
witnesses in the prosecution of Plaintiff.  Plaintiff further
alleged Defendant and Zimmerman discriminated against him due to
his sexual orientation, threatened Plaintiff for attempting to
exercise his constitutional rights, and failed to disclose
information to a grand jury to implicate additional suspects in
the criminal case.

On July 31, 2009, this Court issued an Order in which it
dismissed Plaintiff's Complaint for failure to state a claim on

3 - OPINION AND ORDER

the ground that his claims "appear to relate to functions
intimately associated with the judicial phase of the criminal
process," and, therefore, Defendant and Zimmerman were entitled
to absolute prosecutorial immunity.  The Court, however,
permitted Plaintiff to file an amended complaint to cure the
deficiencies noted in his Complaint.

On August 13, 2009, Plaintiff filed an Amended Complaint
against Defendant and Zimmerman pursuant to 42 U.S.C. § 1983 in
which he alleged they violated his rights when they (1) "obtained
[P]laintiff's medical records" without Plaintiff's permission in
violation of the Health Insurance Portability and Accountability
Act of 1996 (HIPAA), 42 U.S.C. §§ 1320d-1, *et seq.*; (2) coerced
Plaintiff into not seeking a bail reduction; (3) remained in the
grand-jury room during the deliberation process in violation of
state law; and (4) failed to bring criminal charges against
another individual for assaulting Plaintiff.

On August 21, 2009, the Court issued an Order in which it
dismissed all of Plaintiff's claims against Zimmerman as well as
Plaintiff's claims that Defendant coerced Plaintiff not to seek a
bail reduction, remained in the grand-jury room during the
deliberation process, and failed to bring criminal charges
against another individual for assaulting Plaintiff on the ground
that Zimmerman and Defendant were entitled to absolute
prosecutorial immunity for those claims.  The Court permitted

4 - OPINION AND ORDER

Plaintiff's action to go forward against Defendant only on the claim that Defendant obtained Plaintiff's medical records without Plaintiff's permission in violation of HIPAA.

On November 2, 2009, Plaintiff pled "no contest" to five of the thirty-one counts of the indictment in Multnomah County Circuit Court and was found guilty of those counts.

On December 24, 2009, Defendant filed a Motion in this Court seeking summary judgment as to Plaintiff's remaining claim in this matter.

On March 25, 2010, the Court issued an Opinion and Order granting Defendant's Motion for Summary Judgment.

On April 28, 2010, Plaintiff filed a Motion for Reconsideration.


**<u>DISCUSSION</u>**

In its March 25, 2010, Opinion and Order the Court granted summary judgment for Defendant on the grounds that (1) HIPAA does not contain a provision for a private right of action and (2) Defendant is entitled to absolute immunity for providing Plaintiff's medical-release form to Plaintiff's counsel as part of discovery.

Plaintiff does not point to any evidence on the record or cite any authority that establishes he is not attempting to bring a claim under HIPPA or that Defendant is not entitled to absolute

5 - OPINION AND ORDER

immunity.

Accordingly, the Court adheres to its March 25, 2010, Opinion and Order granting Defendant's Motion for Summary Judgment.


## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion (#30) for Reconsideration but, having reconsidered the matter, the Court adheres to its March 25, 2010, Opinion and Order granting Defendant's Motion for Summary Judgment and dismissing this matter with prejudice.

IT IS SO ORDERED.

DATED this 28th day of July, 2010.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District

6 - OPINION AND ORDER